**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| SAFETY NATIONAL CASUALTY CORPORATION, | Civil Action No. 24-cv-5590 |
| Plaintiff, | |
| v. | |
| SALLY BEAUTY SUPPLY LLC and SALLY BEAUTY HOLDINGS, INC., | |
| Defendants. | |

**COMPLAINT FOR DECLARATORY JUDGMENT**

Plaintiff, SAFETY NATIONAL CASUALTY CORPORATION ("Safety National"), by and through its attorneys, Michael J. Duffy, and Michael J. O'Malley of Wilson Elser Moskowitz Edelman & Dicker LLP, for its Declaratory Judgment Complaint against SALLY BEAUTY SUPPLY, LLC ("Sally Supply") and SALLY BEAUTY HOLDINGS, INC. ("Sally Holdings") collectively ("Sally Beauty"), states as follows:

**STATEMENT OF THE CASE**

1. This action seeks a declaration, pursuant to 28 U.S.C. § 2201 (the Declaratory Judgment Act), that Safety National owes no insurance coverage obligations to Sally Beauty for the claims raised in the putative class action lawsuit styled: *Heather Durheim, individually and on behalf of other persons similarly situated, v. Sally Beauty Supply LLC, and Sally Beauty Holdings, Inc.*, Case No. 2022CH09383, (Cir. Ct. Cook County. Ill. 2022) ("Underlying Action").

2. A copy of the Original Complaint filed in the Underlying Action ("Original Complaint") is attached as "**Exhibit A**".

3. A copy of the Amended Complaint filed in the Underlying Action (the "Amended Complaint") is attached hereto as "**Exhibit B**".

## PARTIES

4. Safety National is an insurance company incorporated under the laws of the State of Missouri with its principal place of business in Missouri.

5. Sally Supply is a Texas limited liability company with its principal place of business in Texas whose members are Texas citizens.

6. Sally Holdings is a Texas corporation with its principal place of business in Texas.

## JURISDICTION AND VENUE

7. The Court has jurisdiction over this matter pursuant to 28 U.S.C. §1332, as the amount in controversy exceeds $75,000 and the parties are citizens of different states.

8. Venue is proper in this District pursuant to 28 U.S.C. §1391 because the Underlying Action for which coverage is sought is pending within the geographical boundaries of this District.

## FACTS

**A.** *THE UNDERLYING ACTION*

9. On September 21, 2022, Heather Durheim and the putative class ("Underlying Plaintiffs") commenced the Underlying Action against Sally Beauty alleging violations of the Illinois Biometric Information Privacy Act, codified as 740 ILCS/14 and Public Act 095-994 ("BIPA"). *See* Ex. A.

10. Underlying Plaintiffs filed the Amended Complaint on or about January 20, 2023. *See* Ex. B.

11. In the Amended Complaint, Underlying Plaintiffs allege Sally Beauty violated BIPA because it did not:

- Properly inform Underlying Plaintiffs in writing that their biometric identifiers were being generated, collected, stored, and disclosed;

- Properly inform Underlying Plaintiffs in writing of the specific purpose and length of time for which their biometric identifiers were being collected, stored, used, and/or disclosed;

- Provide and follow a publicly available retention schedule and guidelines for permanently destroying Underlying Plaintiffs' biometric identifiers; or

- Receive a written release from Underlying Plaintiffs to collect, capture, or otherwise obtain their biometric identifiers.

- Sally Beauty intentionally shared access to Plaintiff's biometric identifiers among a group of affiliated businesses in Illinois.

See, Ex. B.

**B.** *THE POLICIES*

12. Below is a chart reflecting the policies issued by Safety National to Sally Holdings, which, subject to their terms, provide certain Commercial General Liability Coverage (collectively, the "Policies"). The Policies are attached as exhibits in accordance with the chart below.

| Policy Period | Exhibit / Policy No. | Limits | Self-Insured Retention[1] |
|---|---|---|---|
| 11/16/2016 to 11/16/2017 | C<br><br>GL 4045090 | $1 million per occurrence<br><br>$1 million personal and advertising injury<br><br>$4 million aggregate | $500,000 per occurrence |

---

[1] Each Policy's Limit of Insurance applies over and in excess of the Self-Insured Retention.

| | | | |
|---|---|---|---|
| 11/16/2017 to 11/16/2018 | D<br><br>GL 4045090 | $1 million per occurrence<br><br>$1 million personal and advertising injury<br><br>$4 million aggregate | $500,000 per occurrence |
| 11/16/2018 to 11/16/2019 | E<br><br>GL 4045090 | $1 million per occurrence<br><br>$1 million personal and advertising injury<br><br>$4 million aggregate | $500,000 per occurrence |
| 11/16/2019 to 11/16/2020 | F<br><br>GL 4045090 | $1 million per occurrence<br><br>$1 million personal and advertising injury<br><br>$3 million aggregate | $500,000 per occurrence |
| 11/16/2020 to 11/16/2021 | G<br><br>GL 4045090 | $2 million per occurrence<br><br>$2 million personal and advertising injury<br><br>$4 million aggregate | $500,000 per occurrence |
| 11/16/2021 to 11/16/2022 | H<br><br>GL 4045090 | $2 million per occurrence<br><br>$2 million personal and advertising injury<br><br>$4 million aggregate | $500,000 per occurrence |
| 11/16/2022 to 11/16/2023 | I | $2 million per occurrence | $500,000 per occurrence |

| | | | |
|---|---|---|---|
| | GL 4045090 | $2 million personal and advertising injury<br><br>$4 million aggregate | |
| 11/16/2023 to 11/16/2024 | J<br><br>GL 4045090 | $2 million per occurrence<br><br>$2 million personal and advertising injury<br><br>$4 million aggregate | $500,000 per occurrence |
| 11/16/2023 to 11/16/2024 | K<br><br>XUM4068533 | $10 million per occurrence<br><br>$10 million products/completed operations<br><br>$10 million aggregate | $10,000 per occurrence |

C.  *COMMERCIAL GENERAL LIABILITY COVERAGE*

13. Subject to all of their terms, the Policies provide certain Commercial General Liability coverage, and state, in part:

\* \* \*

**COVERAGE B - Personal and Advertising Injury Liability**

    1. Insuring Agreement

        a. We will pay those sums that the insured becomes legally obligated to pay as damages because of "personal and advertising injury" to which this insurance applies. We will have the right and duty to defend the insured against any "suit" seeking those damages. However, we will have no duty to defend the insured against any "suit" seeking damages for "personal and advertising injury" to which this insurance does not apply. . . .

5

      b.    This insurance applies to "personal and advertising injury" caused by an offense arising out of your business but only if the offense was committed in the "coverage territory" during the policy period.

*See* Exs. C-J.

14.    The Policies provide the following definitions:

* * *

14. "Personal and advertising injury" means injury, including consequential "bodily injury", arising out of one or more of the following offenses:

    a.    False arrest, detention or imprisonment;

    b.    Malicious prosecution;

    c.    The wrongful eviction from, wrongful entry into, or invasion of the right of private occupancy of a room, dwelling or premises that a person occupies, committed by or on behalf of its owner, landlord or lessor;

    d.    Oral or written publication, in any manner, of material that slanders or libels a person or organization or disparages a person's or organization's goods, products or services;

    e.    Oral or written publication, in any manner, of material that violates a person's right of privacy;

    f.    The use of another's advertising idea in your "advertisement"; or

    g.    Infringing upon another's copyright, trade dress or slogan in your "advertisement".

* * *

See Exs. C-J.

15.    The Policies also contain the following exclusions:

**EXCLUSION - ACCESS OR DISCLOSURE OF CONFIDENTIAL OR PERSONAL INFORMATION AND DATA-RELATED LIABILITY**

    A.    The following is added to Paragraph 2. Exclusions of Section I – Coverage B – Personal And Advertising Injury Liability:

    2. Exclusions

    This insurance does not apply to:

    Access Or Disclosure Of Confidential Or Personal Information

    "Personal and advertising injury" arising out of any access to or disclosure of any person's or organization's confidential or personal information, including patents, trade secrets, processing methods, customer lists, financial information, credit card information, health information or any other type of nonpublic information.

    This exclusion applies even if damages are claimed for notification costs, credit monitoring expenses, forensic expenses, public relations expenses or any other loss, cost or expense incurred by you or others arising out of any access to or disclosure of any person's or organization's confidential or personal information.

* * *

This insurance does not apply to:

* * *

    a.    Knowing Violation of Rights of Another

        "Personal and advertising injury" caused by or at the direction of the insured with the knowledge that the act would violate the rights of another and would inflict "personal and advertising injury."

* * *

    b.    Recording And Distribution Of Material Or Information In Violation Of Law

        "Personal and advertising injury" arising directly or indirectly out of any action or omission that violates or is alleged to violate:

        (1)    The Telephone Consumer Protection Act (TCPA), including any amendment of or addition to such law;

        (2)    The CAN-SPAM Act of 2003, including any amendment of or addition to such law;

        (3)    The Fair Credit Reporting Act (FCRA), and any amendment of or addition to such law, including the Fair and Accurate Credit Transactions Act (FACTA); or

7

>> (4) Any federal, state or local statute, ordinance or regulation, other than the TCPA, CAN-SPAM Act of 2003 or FCRA and their amendments and additions, that addresses, prohibits, or limits the printing, dissemination, disposal, collecting, recording, sending, transmitting, communicating or distribution of material or information.

*See* Exs. C-J.

16. The Policies contains the following endorsement entitled "Self-Insured Retention Endorsement"[2] which provides for a $500,000 self-insured retention and states:

> C. OUR RIGHT TO REIMBURSEMENT
>
> With respect to any claim or "suit" under this policy that has been tendered to us and that may exceed the applicable Self-Insured Retention amount, we may pay any or all of the Self-Insured Retention amount and "defense costs" on your behalf to defend or to effect settlement of such claim or "suit". If we do so, you must promptly reimburse us for our payment.
>
> \*\*\*

See Exs. C-J.

17. The Policies also contain the following provision which modifies the Commercial General liability Coverage:

> This endorsement modifies insurance provided under the following:
>
> \* \* \*
>
> A. The provision of Paragraph **B** are added to all Insuring Agreements that set forth a duty to defend under:
>
> 1. Section **I** of the Commercial General Liability, Commercial Liability Umbrella . . . .;
>
> \* \* \*
>
> Paragraph **B**, also applies to any other provision in the policy that sets forth a duty to defend.
>
> B. If we initially defend an insured ("insured") or pay for an insured's ("insured's") defense but later determine that the claim(s) is (are) not

---

[2] As modified and/or amended by form IL 10 05 12 08, "Modified Self-Insured Retention Endorsement".

8

> covered under this insurance, we will have the right to reimbursement for the defense costs we have incurred.
>
> The right to reimbursement for the defense costs under this provision will only apply to defense costs we have incurred after we notify you in writing that there may not be coverage, and that we are reserving our rights to terminate the defense and seek reimbursement for defense costs.

* * *

See Exs. C-J.

### D. *A<small>CTUAL</small> C<small>ONTROVERSY</small>*

18. Sally Beauty has sought defense and indemnity of the Underlying Action from Safety National under the Policies and has indicated that it has exhausted the Self-Insured Retention(s) of the Policies.

19. Safety National denies that it owes Sally Beauty any defense or indemnity obligation under the Policies.

20. An actual justiciable controversy exists between Safety National and Sally Beauty as to the availability of insurance coverage to it under the Policies. Pursuant to 28 U.S.C. § 2201 (the Declaratory Judgment Act) this Court is vested with the power to declare the rights and liabilities of the parties hereto and to give such other and further relief that may be necessary.

<b><u>COUNT I</u><br><u>No Publication</u></b>

21. Safety National incorporates and restates the allegations of Paragraphs 1 through 22 above as if fully set forth herein.

22. The Policies define "personal and advertising injury" as, among other things, oral, written or electronic publication of material that violates a person's right of privacy.

9

23. The allegations against Sally Beauty do not constitute "personal and advertising injury" because they do not allege the publication of material that violates a person's right of privacy or any other "personal and advertising injury" offense.

24. Accordingly, no coverage is afforded for the claims in the Underlying Action under Coverage B.

## COUNT II
## Access Or Disclosure Of Confidential Or Personal Information Exclusion

25. Safety National incorporates and restates the allegations of Paragraphs 1 through 26 above as if fully set forth herein.

26. The Policies each contain an exclusion called Access Or Disclosure Of Confidential or Personal Information, which bars coverage for "personal and advertising injury" arising out of any access to or disclosure of any person's or organization's confidential or personal information.

27. The Underlying Action seeks damages arising out of access to or disclosure of a person's confidential or personal information.

28. Accordingly, the Access Or Disclosure Of Confidential or Personal Information Exclusion bars coverage for the claims in the Underlying Action.

## COUNT III
## Recording and Distribution Of Material Or Information In Violation Of Law Exclusion

29. Safety National incorporates and restates the allegations of Paragraphs 1 through 30 above as if fully set forth herein.

30. The Policies each contain an exclusion called Recording and Distribution Of Material Or Information In Violation Of Law, which bars coverage for, among other things, "personal and advertising injury" "arising directly or indirectly out of any action or omission that violates or is alleged to violate: . . . Any federal, state or local statute, ordinance or regulation,

other than the TCPA, CAN-SPAM Act of 2003 or FCRA and their amendments and additions, that addresses, prohibits, or limits the printing, dissemination, disposal, collecting, recording, sending, transmitting, communicating or distribution of material or information."

31. The Underlying Action alleges that Sally Beauty violated BIPA, which is a state statute that addresses, prohibits, or limits the printing, dissemination, disposal, collecting, recording, sending, transmitting, communicating or distribution of material or information.

32. Accordingly, the Recording and Distribution Of Material Or Information In Violation Of Law Exclusion bars coverage for the Underlying Action.

## COUNT IV
## Knowing Violation of Rights of Another Exclusion

33. Safety National incorporates and restates the allegations of Paragraphs 1 through 34 above as if fully set forth herein.

34. The Policies each contain an exclusion called Knowing Violation of Rights Of Another, which bars coverage for "personal and advertising injury" arising out of an offense committed by, at the direction of or with the consent or acquiescence of the insured with the expectation of inflicting "personal and advertising injury".

35. The Underlying Action alleges Sally Beauty intentionally violated BIPA.

36. Accordingly, the Knowing Violation of Rights Of Another Exclusion bars coverage for the Underlying Action.

## COUNT V
## Reimbursement of Defense Costs Paid

37. Safety National incorporates and restates the allegations of Paragraphs 1 through 38 above as if fully set forth herein.

38. As the Policies provide no coverage to Sally Beauty for the claims in the Underlying Action, all sums paid by Safety National to defend the Underlying Action must be reimbursed to Safety National as required by the Policies.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff Safety National prays this Court enter the following relief:

A. A declaration finding Safety National owes no duty to defend or indemnify Sally Beauty for the claims against it in the Underlying Action under the Policies;

B. An Order requiring Sally Beauty to reimburse Safety National for any sum paid to defend the Underlying Action; and

C. For all such just and equitable relief, including costs of this suit.

Respectfully Submitted,

By: /s/ Michael J. Duffy
Attorney for Safety National Casualty Corporation

Michael J. Duffy
Michael J. O'Malley
Wilson Elser Moskowitz Edelman & Dicker LLP
55 W. Monroe Street, Suite 3800
Chicago, Illinois 60603
312.704.0550 (Main)
Michael.Duffy@wilsonelser.com
Michael.OMalley@wilsonelser.com